IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY J. IACOVETTI,<br>                Plaintiff,<br><br>    vs.<br><br>Secretary JOHN E. WETZEL; DANIEL BURNS, *Western Regional Deputy Secretary*; OFFICE OF SPECIAL INVESTIGATION AND INTELLIGENCE, *c/o Director James C. Barnacle and his assistant Ray (Raymond) Highland*; DORINA VARNER, *Chief of Grievance Appeals Officer*; BRIAN V. COLEMAN, *Superintendent SCI Fayette*; RHONDA HOUSE, *Grievance Officer SCI Fayette*; MIKE OPPMAN, *Business Office Supervisor*; DARLENE OPPMAN, *Mailroom Supervisor*; S. CZAPP, *Correctional Officer c/o #1*,<br>                Defendants. | Civil Action No. 13-1788<br>Chief Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

Plaintiff Henry J. Iacovetti, proceeding pro se, is a former inmate who was incarcerated in the State Corrections Institution in Fayette County, Pennsylvania (SCI – Fayette). Plaintiff commenced this action on December 16, 2013, with the filing of several self-styled Motions and a Complaint [ECF No. 1]. Plaintiff has also filed an Amended Complaint [ECF No. 14], and a Second Amended Complaint [ECF No. 19], and broadly alleges the violation of his constitutional and statutory rights arising out of the mishandling of incoming and outgoing mail and an unspecified incident of sexual harassment or sexual abuse. Plaintiff also sets forth a claim for the alleged improper denial of grievances. Plaintiff seeks relief in the form of

1

compensatory and punitive damages. On January 14, 2014, in accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff filed notice of his consent to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case. (ECF No. 7).

In conjunction with filing his Complaint and Second Amended Complaint, however, Plaintiff failed to furnish the Court with service papers so that the United States Marshal's Office could effectuate service on any Defendant to this action. On August 19, 2014, a deficiency order was entered [ECF No. 31], advising Plaintiff of his obligation to provide service papers so that the parties could be served with his Complaint. Plaintiff was provided with sufficient copies of all forms for each Defendant and was provided directions to properly complete the Marshal's 285 Form and the Notice and Request for Waiver of Service of Summons. Plaintiff was provided until September 16, 2014, to comply with the deficiency order or suffer the dismissal of his action.

On September 8, 2014, Plaintiff's copy of the deficiency order was returned to the Court by SCI-Fayette, noting that he was no longer at the facility, but indicating a forwarding address. The Court forwarded the deficiency order and attachments thereto to the address provided by SCI-Fayette. In addition, a second deficiency order was entered and forwarded to Plaintiff, indicating the need for him to provide the Court with his current address by September 30, 2014, or suffer dismissal of his action. (ECF No. 32). On September 23, 2014, Plaintiff advised the Court of his new address (ECF No. 33), but as of September 24, 2014, Plaintiff had not yet complied with the Order dated August 19, 2014, requiring him to provide the necessary papers to effectuate service on the Defendants. Accordingly, on September 24, 2014, an Order to Show Cause was entered, returnable on October 15, 2014, requiring Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to provide the required service papers by

September 16, 2014. The Order to Show Cause was served on Plaintiff at his new address of record but, as of this date, Plaintiff has failed to comply with either the Order to Show Cause or the original deficiency order entered on August 18, 2014, and, thereby, has prevented service of his Second Amended Complaint on any Defendant to this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors indicates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed, which weighs heavily against him. Plaintiff's failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even three months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants as the Defendants have not yet been served with the Complaint. Similarly, factor

No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate.  Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, suggests that Plaintiff has no serious interest in pursuing this case.  Dismissal, therefore, is the most appropriate action for this Court to take.  Mindek v. Rigatti, 964 F.2d at 1373.

AND NOW, this 30th day of October 2014, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/Maureen P. Kelly
Chief United States Magistrate Judge

cc: HENRY J. IACOVETTI
735 Kater Street
Philadelphia, PA 19147-2010